## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 28, 2012

Lyle W. Cayce
Clerk

No. 11-60729
Summary Calendar

SERVANDO ZAVALA-RIOS,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A088 608 006

Before BARKSDALE, CLEMENT, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Servando Zavala-Rios, a Mexican citizen who has been removed to Mexico, petitions for review of the Board of Immigration Appeals' (BIA) order denying his motion to reconsider the dismissal of his appeal from the Immigration Judge's (IJ) denial of his cancellation-of-removal application. He contends: (1) the BIA erred in finding his motion for reconsideration was withdrawn pursuant to the departure bar of 8 C.F.R. § 1003.2(d); (2) the BIA failed to consider claims of constitutional-rights violations pursuant to his arrest by immigration officials;

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and (3) he submitted affidavits from his parents establishing his entry to the United States in 1994, and that his removal would result in hardship to his parents.

A motion to reconsider must identify some error of fact or law in the prior BIA decision; a motion to reopen alleges new facts and is supported by evidence, such as affidavits. *See* 8 C.F.R. § 1003.2(b)(1), (c)(1).  Because Zavala submitted new evidence in support of his motion, it is construed as a motion to reconsider and to reopen.  *See Zhao v. Gonzales,* 404 F.3d 295, 301 (5th Cir. 2005).  Both types of motions are disfavored, and their denial is reviewed for abuse of discretion.  *See Lara v. Trominski,* 216 F.3d 487, 496 (5th Cir. 2000); *Zhao,* 404 F.3d at 303.  In that regard, the BIA's denial will stand "so long as it is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach". *Zhao,* 404 F.3d at 304 (internal quotation marks and citation omitted).

Because, as discussed *infra*, the BIA properly denied Zavala's motion on the merits, whether his involuntary removal constituted a withdrawal of his motion pursuant to 8 C.F.R. § 1003.2(d) need not be considered.

In his motion for reconsideration, Zavala claimed, for the first time, a constitutional rights violation pursuant to his arrest.  His sole supporting evidence is a single sentence in his parents' affidavit, which claims a Fifth Amendment violation when officers searched Zavala's home.  Even if he had presented more evidence, the BIA will not grant a motion to reopen unless the evidence offered is material and could not have been previously discovered or presented at a prior hearing. 8 C.F.R. § 1003.2(c)(1).  Because there is no indication that such evidence was previously unavailable or could not have been presented earlier, the denial of his motion was not an abuse of discretion.  *See Ogbemudia v. INS,* 988 F.2d 595, 599-600 (5th Cir. 1993); *Zhao,* 404 F.3d at 303-04.

No. 11-60729

The IJ and BIA also found that Zavala had not established eligibility for cancellation of removal because he had not shown: (1) ten years of continuous presence in the United States; and (2) "exceptional and extremely unusual hardship" to qualifying relatives if he was removed. 8 U.S.C. § 1229b(b)(1). As part of his motion to reconsider, in support of his claim of such continuous presence, Zavala submitted an affidavit from his parents that he had first entered the United States in 1994. However, as we noted above, the BIA will not grant a motion to reopen unless the evidence offered is material and could not have been previously discovered or presented at a prior hearing. 8 C.F.R. § 1003.2(c)(1). Because Zavala could have previously presented evidence of his 1994 entry, he cannot show the BIA's denial of his motion was an abuse of discretion. 8 C.F.R. § 1003.2(c)(1); *Ogbemudia,* 988 F.2d at 599-600; *Zhao,* 404 F.3d at 303-04.

Finally, the BIA denied Zavala's motion because he provided no new evidence to show his removal would cause his parents exceptional or unusual hardship. Here, Zavala asserts incorrectly that the IJ found his removal would cause such hardship; the IJ stated expressly that Zavala failed to carry his burden in this regard. Therefore, he has not shown the BIA abused its discretion in its denial of his motion. *Zhao,* 404 F.3d at 303-04.

DENIED.