# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 10, 2013

No. 12-60838
Summary Calendar

Lyle W. Cayce
Clerk

MENG VANN,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petitions for Review of an Order of the
Board of Immigration Appeals
BIA No. A095 328 943

Before KING, BARKSDALE, and HIGGINSON, Circuit Judges.
PER CURIAM:[*]

Meng Vann, a native and citizen of Cambodia, was ordered removed in absentia in 2009. In 2010, Vann filed a motion to reopen proceedings with the immigration court; it was denied. Vann did not appeal the removal order or the denial of the motion to reopen to the Board of Immigration Appeals (BIA). Vann later filed a motion for reconsideration with the immigration court; it was also denied. He now petitions for review of the BIA's affirming the denial of his motion for reconsideration.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

A motion to reconsider must identify some error of fact or law in the challenged decision. 8 C.F.R. § 1003.2(b)(1); *see Zavala-Rios v. Holder*, 482 F. App'x 935, 936 (5th Cir. 2012) (per curiam) (unpublished). Motions to reconsider are disfavored and their denial is reviewed only for abuse of discretion. *Zavala-Rios*, 482 F. App'x at 936 (citing *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005)). Accordingly, the BIA's decision stands "so long as it is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach". *Zhao*, 404 F.3d at 304 (internal quotation marks and citation omitted).

Vann does not address whether the BIA abused its discretion in affirming the denial of the motion for reconsideration and does not identify anything in the BIA's decision that is capricious, racially invidious, completely lacking in evidentiary basis, or irrational. *See id.* (citation omitted).  We do not consider issues Vann has failed to brief. *See Zhu v. Gonzales*, 493 F.3d 588, 593 n.10 (5th Cir. 2007).

DENIED.